UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
RESURRECTION TEMPLE OF OUR
LORD, INC., et al.,

           Plaintiff,

- against -

ECI FINANCIAL CORPORATION, et al.,

           Defendants.
----------------------------------------------------X

**ORDER**

08 CV 1604 (CBA)

On January 9, 2009, after plaintiff's counsel had failed to appear for the prior three conferences, this Court Ordered Andre Ramon Soleil, plaintiff's counsel in the above-captioned case, to appear in person on January 21, 2009 or sanctions would be imposed. On January 21, 2009, Mr. Soleil failed to appear for a fourth time, instead sending an "of counsel" attorney with his firm, who was unfamiliar with the case and unprepared to address the Court's concerns with respect to the lack of progress in the case.[1]

On January 26, 2009, this Court Ordered plaintiff's counsel to submit a letter on or before January 30, 2009, explaining his failure to appear in person for the conference on January 21, 2009 in compliance with the Court's January 9th Order and explaining his failure to comply in any way with the discovery schedule set by the Court at the initial conference. In addition, the

---

[1] Counsel, who had never previously appeared before this Court in the matter, informed the Court that she was prepared to discuss a discovery schedule, thereby demonstrating that she was unfamiliar with the fact that such a schedule had been set approximately seven months earlier at the initial conference and that the issue to be addressed at the conference was counsel's noncompliance with that schedule.

Court awarded costs and fees incurred by defendants' counsel as a result of plaintiff's counsel's failure to appear and further directed counsel for defendants to submit an affidavit setting forth the costs incurred in attending the conferences on January 9 and January 30, 2009.

On January 28, 2009, plaintiff's counsel submitted a letter to the Court explaining why he believed he had not violated the Court's Order or failed to comply with the discovery schedule. Specifically, Mr. Soleil argues that since the Court Ordered "plaintiff's counsel" to appear and did not specifically mention him by name, he complied with the Court's Order by sending an "of counsel" attorney in his place. Further, Mr. Soleil claims that since defendants' counsel did not serve their document requests until after the date set by the Court, defendants' requests for discovery were not binding and plaintiff could choose to ignore them.

On January 29, 2009, defendants' counsel submitted to the Court an Affidavit in Support of Imposition of Fees and Costs, detailing the costs and fees associated with his appearances at the January 9 and January 21, 2009 conferences and responding to plaintiff's counsel's letter. On January 30, 2009, plaintiff's counsel replied to defense counsel's affidavit.

Having reviewed the letters, the Court is not persuaded by plaintiff's counsel's explanation of his failure to appear or his explanation of his failure to comply in any way with the discovery schedule that the Court set at the initial conference. Plaintiff's counsel did not comply with the Order to appear in person by sending an "of counsel" attorney in his place who had no familiarity with the case and was unprepared to address the issues that prompted the Court to schedule the conference. Further, while defendants served their discovery requests late, plaintiff did nothing to comply with the Court's schedule, contending now that no discovery is needed. Moreover, rather than confer with counsel as required by the Local Rules, plaintiff's

counsel simply chose to ignore the discovery requests.

Accordingly, particularly in light of the eagerness that plaintiff's counsel expressed in his letters to move forward with the case quickly, the Court ORDERS plaintiff to respond to defendant's discovery requests by March 20, 2009. Since plaintiff has no need for discovery, defendant shall thereafter serve any notices of deposition, and depositions and a draft of the pre-trial order shall be completed by April 24, 2009.

The Court further finds that the fees and costs that defendants' counsel submitted to the Court are reasonable. Accordingly, the Court hereby ORDERS plaintiff's counsel to pay $875.00 to defendants' counsel in costs and fees incurred as a result of plaintiff counsel's failure to appear.

**SO ORDERED.**

Dated: Brooklyn, New York
February 27, 2009

Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York